1  MICHAEL S. WINSTEN (California State Bar No. 126554)
2  WINSTEN LAW GROUP
   27201 Puerta Real, Suite 465
3  Mission Viejo, California  92691
4  Telephone:  (949) 429-3400
   Telecopier:  (949) 429-3500
5  E-Mail: mike@winsten.com
6  Attorneys for Plaintiffs
7

8              UNITED STATED DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10
11  DAVITA INC., a Delaware corporation;        CASE NO. SACV09 -523 JVS (RNBx)
    DVA RENAL HEALTHCARE, a New
12  York corporation; TOTAL RENAL
    CARE, INC., a California corporation,
13
                                                COMPLAINT FOR:
14                Plaintiffs,
15       vs.                                     1.   VIOLATIONS OF E.R.I.S.A. –
                                                     29 U.S.C. § 1132(a)(1)(B);
16  UNITED HEALTHCARE INSURANCE
    COMPANY, a Connecticut corporation;        2.   BREACH OF CONTRACT;
17  UNITED HEALTHCARE, INC.,  a
18  Delaware corporation; UNITED               3.   MONEY HAD AND RECEIVED
    HEALTHCARE SERVICES, INC., a                   (UNJUST ENRICHMENT);
19  Minnesota corporation;
20  UNITEDHEALTH NETWORK, INC., a             4.   SERVICES RENDERED;
    corporation; UNITEDHEALTHCARE OF
21  COLORADO, INC., a Colorado                5.   QUANTUM MERUIT;
22  corporation; UNITED HEALTHCARE
    OF FLORIDA, INC., a Florida              6.   OPEN BOOK ACCOUNT; and
23  corporation; UNITEDHEALTHCARE OF
24  GEORGIA, INC., a Georgia corporation;    7.   ACCOUNT STATED
    UNITED HEALTHCARE INSURANCE
25  COMPANY OF ILLINOIS, INC., an                      AND
26  Illinois corporation;
    UNITEDHEALTHCARE OF ILLINOIS,                DEMAND FOR JURY TRIAL
27  INC., an Illinois corporation;
28

                                                              COMPLAINT
                            -1-

1  UNITEDHEALTHCARE OF THE MID-
   ATLANTIC, INC., a Maryland
2  corporation; UNITED HEALTHCARE
3  OF THE MIDWEST, INC., a Missouri
   corporation; UNITEDHEALTHCARE OF
4  NEW ENGLAND, INC., a Rhode Island
5  corporation; UNITEDHEALTHCARE OF
   NEW JERSEY, INC., a New Jersey
6  corporation; UNITED HEALTHCARE
7  INSURANCE COMPANY OF NEW
   YORK, INC., a New York corporation;
8  UNITEDHEALTHCARE OF NEW
9  YORK, INC., a New York corporation;
   UNITEDHEALTHCARE OF NORTH
10 CAROLINA, INC., a North Carolina
11 corporation; UNITED HEALTHCARE
   INSURANCE COMPANY OF OHIO,
12 INC., an Ohio corporation;
13 UNITEDHEALTHCARE OF OHIO,
   INC., an Ohio corporation; UNITED
14 HEALTHCARE OF TENNESSEE, INC.,
15 a Tennessee corporation; UNITED
   HEALTHCARE OF TEXAS, INC., a
16 Texas corporation; AMERICHOICE OF
17 NEW JERSEY, INC., a New Jersey
   corporation; ARIZONA PHYSICIANS
18 IPA, INC., an Arizona corporation;
19 HEALTHCARE MANAGEMENT
   ALTERNATIVES, INC., a Pennsylvania
20 corporation; HEALTH PLAN OF
21 NEVADA, INC., a Nevada corporation;
   MANAGED HEALTHCARE SYSTEMS
22 OF NEW JERSEY, INC. d/b/a MHSNJ
23 HEALTH PLAN, a New Jersey
   corporation; NORTHERN NEVADA
24 HEALTH NETWORK, INC., a Nevada
25 corporation; PACIFICARE HEALTH
   PLAN ADMINISTRATORS, INC., an
26 Indiana corporation; PACIFICARE OF
27 ARIZONA, INC., an Arizona Corporation;
   PACIFICARE OF CALIFORNIA, a
28

COMPLAINT

-2-

1  California corporation; PACIFICARE OF
   COLORADO, INC., a Colorado
2  corporation; PACIFICARE OF NEVADA,
3  INC., a Nevada corporation;
   PACIFICARE OF OKLAHOMA, INC.,
4  an Oklahoma corporation; PACIFICARE
5  OF OREGON, INC., an Oregon
   corporation , PACIFICARE OF TEXAS,
6  INC., a Texas corporation; PACIFICARE
7  OF WASHINGTON, INC., a Washington
   corporation; PACIFICARE LIFE
8  ASSURANCE COMPANY, a Colorado
9  corporation; HEALTH MAINTENANCE
   LIFE, INC., a corporation; PACIFICARE
10 LIFE AND HEALTH INSURANCE
11 COMPANY, an Indiana corporation;
   PHYSICIANS HEALTH PLAN OF
12 MARYLAND, INC., a Maryland
13 corporation; OXFORD HEALTH PLANS
   (NJ), INC., a New Jersey corporation;
14 OXFORD HEALTH PLANS (CT), INC.,
15 OXFORD HEALTH PLANS (PA), INC.,
   OXFORD HEALTH INSURANCE, INC.,
16 a New York corporation; OXFORD
17 HEALTH PLANS, LLC, a Delaware
   limited liability company; RENAL
18 TREATMENT CENTERS - MISSOURI,
19 INC., a corporation; RENAL
   TREATMENT CENTERS - ILLINOIS,
20 INC. a corporation; SIERRA HEALTH
21 AND LIFE INSURANCE COMPANY,
   INC., a California corporation; SIERRA
22 HEALTH-CARE OPTIONS, INC., a
23 Nevada corporation; SIERRA HEALTH
   SERVICES, INC., a Nevada corporation;
24 UNISON ADMINISTRATIVE
25 SERVICES, LLC, a Pennsylvania limited
   liability company; UNISON HEALTH
26 PLAN OF OHIO, INC., a Delaware
27 corporation; UNISON FAMILY HEALTH
   PLAN OF PENNSYLVANIA, INC., a
28

COMPLAINT

Pennsylvania corporation; UNISON
HEALTH PLAN OF PENNSYLVANIA,
INC., a Pennsylvania corporation;
UNISON HEALTH PLAN OF SOUTH
CAROLINA, INC., a South Carolina
corporation; Unison Health Plan of
Delaware, Inc., a Delaware corporation;
and UNISON HEALTH PLAN OF THE
CAPITAL AREA, INC.; a District of
Columbia corporation; and DOES 1
through 10, inclusive,

                    Defendants.

Plaintiffs allege as follows:

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction over this action since the first

claim for relief is a Federal Question which arises under 28 U.SC. § 1331, pursuant to

the provisions of 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income

Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

2.      This Court has supplemental jurisdiction over the second through seventh

claims for relief since they are sufficiently related to the first claim for relief that they

form part of the case or controversy under Article III of the United States

Constitution.

3.      This Court has personal jurisdiction over the Defendants because each

Defendant systematically and continuously conducts business in this State or

elsewhere in the United States, and otherwise has minimum contacts with this State or

elsewhere in the United States sufficient to establish personal jurisdiction over them in

this District.

4.      Venue is appropriately established in this Court under 28 U.S.C. §1391

because Defendants conduct a substantial amount of business in this District,

COMPLAINT

-4-

1   including marketing, advertising and selling insurance products, and administering

2   health plans to residents inside this District.  This District is also where the

3   Defendants' statutory, contractual and/or common law violations took place, and

4   where the benefits being sought in this action were to be paid.

<u>The Parties</u>

6   <u>The Plaintiffs</u>

7       5.      Plaintiff DaVita Inc. is a corporation organized and existing under the

8   laws of the State of Delaware.

9       6.      Plaintiff DVA Renal Healthcare, Inc. is a corporation organized and

10  existing under the laws of the State of New York.

11      7.      Plaintiff Total Renal Care, Inc. is a corporation organized and existing

12  under the laws of the State of California.

13      8.      Plaintiffs own, operate and/or manage dialysis facilities and are engaged

14  in the business of providing outpatient hemodialysis, peritoneal dialysis, and acute

15  hemodialysis treatments and related ancillary services to diabetic patients in both

16  outpatient and hospital clinics.

17      9.      Plaintiffs provided dialysis services to patients who were covered under

18  healthcare insurance benefits for these services as alleged below.

19      10.     All of the Plaintiffs shall be hereinafter referred to collectively as the

20  "Plaintiffs."

21      11.     Plaintiffs have derivative standing to pursue their first claim for relief

22  under ERISA as the assignees of persons who are participants, beneficiaries and/or

23  plan members under one or more of the healthcare insurance plans described as

24  alleged below.

25      12.     Plaintiffs have standing to pursue their first through second claims for

26  relief as the original contracting parties, successors-in-interest to the original

27

28

1    contracting parties, and/or the assignees of the original contracting parties, holding the

2    contractual and/or common law rights being prosecuted in these claims.

3    **The Defendants**

4    13.    Plaintiffs are informed and believe, and thereon allege, that defendant

5    United Healthcare Insurance Company is a corporation organized and existing under

6    the laws of the State of Connecticut.

7    14.    Plaintiffs are informed and believe, and thereon allege, that defendant

8    United Healthcare, Inc. is a corporation organized and existing under the laws of the

9    State of Delaware.

10   15.    Plaintiffs are informed and believe, and thereon allege, that the following

11   defendants are the direct parent companies, subsidiaries and/or affiliates of defendant

12   United Healthcare Insurance Company or United Healthcare, Inc.: United HealthCare

13   Services, Inc., a Minnesota corporation; UnitedHealth Network, Inc., a corporation;

14   UnitedHealthcare of Colorado, Inc., a Colorado corporation; United Healthcare of

15   Florida, Inc., a Florida corporation; UnitedHealthcare of Georgia, Inc., a Georgia

16   corporation; United HealthCare Insurance Company of Illinois, Inc., an Illinois

17   corporation; UnitedHealthcare of Illinois, Inc., an Illinois corporation;

18   UnitedHealthcare of the Mid-Atlantic, Inc., a Maryland corporation; United

19   HealthCare of the Midwest, Inc., a Missouri corporation; UnitedHealthcare of New

20   England, Inc., a Rhode Island corporation; UnitedHealthcare of New Jersey, Inc., a

21   New Jersey corporation; United HealthCare Insurance Company of New York, Inc., a

22   New York corporation; UnitedHealthcare of New York, Inc., a New York corporation;

23   UnitedHealthcare of North Carolina, Inc., a North Carolina corporation; United

24   HealthCare Insurance Company of Ohio, Inc., an Ohio corporation; UnitedHealthcare

25   of Ohio, Inc., an Ohio corporation; United HealthCare of Tennessee, Inc., a Tennessee

26   corporation; United HealthCare of Texas, Inc., a Texas corporation; AmeriChoice of

27   New Jersey, Inc., a New Jersey corporation; Arizona Physicians IPA, Inc., an Arizona

28

COMPLAINT

1  corporation; Healthcare Management Alternatives, Inc., a Pennsylvania corporation;

2  Health Plan of Nevada, Inc., a Nevada corporation; Managed Healthcare Systems of

3  New Jersey, Inc. d/b/a MHSNJ HEALTH PLAN, a New Jersey corporation; Northern

4  Nevada Health Network, Inc., a Nevada corporation; PacifiCare Health Plan

5  Administrators, Inc., an Indiana corporation; PacifiCare of Arizona, Inc., an Arizona

6  Corporation; PacifiCare of California, a California corporation; PacifiCare of

7  Colorado, Inc., a Colorado Corporation; PacifiCare of Nevada, Inc., a Nevada

8  corporation; PacifiCare of Nevada, Inc., a Nevada corporation; PacifiCare of

9  Oklahoma, Inc., an Oklahoma corporation; PacifiCare of Oregon, Inc., an Oregon

10  corporation , PacifiCare of Texas, Inc., a Texas corporation; PacifiCare of

11  Washington, Inc., a Washington corporation; PacifiCare Life Assurance Company, a

12  Colorado corporation; Health Maintenance Life, Inc., a corporation; PacifiCare Life

13  and Health Insurance Company, an Indiana corporation; Physicians Health Plan of

14  Maryland, Inc., a Maryland corporation; Oxford Health Plans (NJ), Inc., a New Jersey

15  corporation; Oxford Health Plans (CT), Inc., Oxford Health Plans.  All of the

16  defendants identified in this paragraph shall from time to time be hereinafter

17  collectively referred to as the "United Defendants."

18      16.    Plaintiffs are informed and believe, and thereon allege, that each of the

19  United Defendants engage in business as a "third party administrator" as that term is

20  defined in ERISA under 29 U.S.C. § 1002(16)(A) ("Plan Administrator").

21      17.    Plaintiffs are informed and believe, and thereon allege, that each of the

22  United Defendants also engage in business as an "employee welfare benefit plan" as

23  defined in ERISA under 29 U.S.C. 1002(1), for the purpose of providing their

24  participants, beneficiaries and/or plan members with health insurance benefits under

25  one or more employer group health insurance plans and/or commercial health

26  insurance plans (hereinafter referred to as the "Plans").

27      18.    Plaintiffs have been unable to ascertain the true name or capacity of all of

28

COMPLAINT

1   the Plans, but Plaintiffs will amend the complaint after the true name and capacity of

2   the Plans are discovered.  Plaintiffs are unaware of the true names and capacities of

3   defendants sued herein as Does 1 through 10, inclusive, and therefore sue these

4   defendants by these fictitious names.  Plaintiffs will amend this complaint to allege

5   their true names and capacities when ascertained.

6       19.     All of the Defendants, inclusive of the Plans and the Doe Defendants,

7   shall be hereinafter referred to collectively as the "Defendants."

8                        **General Allegations**

9       20.     Plaintiffs are informed and believe, and thereon allege, that each of the

10  Defendants, whether expressly or fictitiously named, were at all times herein

11  mentioned the agent, employee, or representative of each of the remaining Defendants

12  and/or the Plans, and that each Defendant, at all times herein mentioned, committed

13  such acts or omissions within the course and scope of such agency, employment, or

14  representation with the full knowledge, consent, authority and ratification of each

15  remaining Defendants and/or the Plans.

16      21.     Plaintiffs are informed and believe, and thereon allege, that defendants

17  United Healthcare Insurance Company and United Healthcare, Inc. are the parent

18  companies of each of the other United Defendants, and that there exists among each of

19  the United Defendants, and at all times herein mentioned there existed, a unity of

20  interest and ownership and control of the operations and assets between all of the

21  United Defendants, such that any individuality and separateness between the United

22  Defendants has ceased and they are the alter egos of each other.  At all times

23  mentioned herein, and continuing into the present, one or more of the United

24  Defendants acted as a mere instrumentality and conduit through which one or more of

25  the other United Defendants carried on their businesses.  At all times mentioned

26  herein and continuing into the present, one or more of the United Defendants

27  exercised such complete control and dominance over one or more of the other United

28

COMPLAINT

1    Defendants, that any individuality and separateness does not, and at all times herein

2    mentioned, did not exist.

3         22.    Adherence to the fiction of the separate existence of the United

4    Defendants named herein would sanction fraud and promote injustice in that the

5    actions and misrepresentations of each or any of the United Defendants as hereinafter

6    alleged were made in bad faith to induce Plaintiffs to take detrimental actions that

7    resulted in the damages alleged in this complaint. The United Defendants are jointly

8    and severally responsible for the payment of the benefits and the other relief sought in

9    this action because their directors, members, officers, employees, and agents, acted in

10   the scope of their authority and agency and facilitated, dominated, or controlled the

11   actions of one another and/or the Plans, and otherwise acted as alleged in this

12   complaint.

13                            **The Claims At Issue**

14        23.    During all times relevant to the facts alleged in this complaint, the United

15   Defendants have undertaken to arrange for the provision of, and payment for, medical

16   and healthcare services from Plaintiffs for which insurance benefits were provided

17   under the Plans to their participants, beneficiaries and/or plan members suffering from

18   life threatening End Stage Renal Disease and other kidney ailments. The life

19   sustaining services provided by Plaintiffs, included, but were not necessarily limited

20   to, outpatient hemodialysis, peritoneal dialysis and acute hemodialysis treatments and

21   related ancillary services.

22        24.    The United Defendants routinely engaged in the practice of collecting

23   payments from one or more their participants, beneficiaries and/or plan members

24   suffering from life threatening End Stage Renal Disease and other kidney ailments, or

25   their employers, in exchange for agreeing to set up and administer the Plans to make

26   available, *inter alia,* necessary medical and other healthcare services, such as those

27   provided by Plaintiffs.

28

COMPLAINT

25.    This case concerns the Defendants' refusal and failure to properly and timely pay Plaintiffs' claims for dialysis services rendered on or before September 30, 2007, by Plaintiffs to numerous dialysis patients while those patients were insured under the Plans by the Defendants.

26.    The United Defendants have raised claims for reimbursement of certain alleged overpayments on other claims made by them to Plaintiffs, which are separate and distinct from those claims for which Plaintiffs are seeking relief in this action. Plaintiffs have been, and continued to be, willing to address these alleged overpayment claims with the United Defendants; however, Plaintiffs have been unable to reach an agreement with the United Defendants to toll applicable statutes of limitations while these alleged overpayment reimbursement claims could be fully analyzed in conjunction with the claims asserted by Plaintiffs herein.  Plaintiffs are informed and believe, and thereon alleged, that its entitlement to monetary recovery from the United Defendants as alleged in this complaint far exceeds any entitlement by the United Defendants to reimbursement for overpayments.

<u>First Claim for Relief</u>

(For Violations of E.R.I.S.A. -

29 U.S.C. § 1132(a)(1)(B))

(Against All Defendants)

27.    Plaintiffs allege and incorporate herein by this reference, the allegations contained in paragraphs 1 through 26 above, as though set forth in full herein.

28.    In offering and administering the Plans, the Defendants, under the law of ERISA, assumed the role of "Plan Administrator," as that term is defined under ERISA, in that one or more of them interpreted and applied the terms of Plans, made all coverage decisions, and provided for payment in the form of medical reimbursements to plan members and/or Plaintiffs, as their assignees and the providers

COMPLAINT

-10-

of their healthcare treatments and services.  As the Plan Administrators, the Defendants also assumed various obligations specified under ERISA.

29.    The Defendants' obligations under ERISA included issuing Combined Evidence of Coverage and Disclosure Forms ("EOCs") or their functional equivalents, to their plan members setting forth the healthcare benefits the Defendants agreed to pay.

30.    The Defendants' obligations under ERISA also include providing their plan members with a "summary plan description" ("SPD"), a document designed to describe in layperson's language the material terms, conditions and limitations of the Plans. The full details of each of the Plans are summarized in their SPDs, are contained in their EOCs.

31.    The Defendants have failed to provide Plaintiffs with all of the information and disclosures required to be disclosed to them under the EOCs, the SPDs and ERSIA in connection with the claims for covered dialysis services at issue in this action.

32.    With respect to all of the Plans at issue in this action, the Defendants are obligated to their participants, beneficiaries and/or plan members, and their assignees, to provide specific healthcare benefits and reimbursements as Plan Administrators and/or Plans.

33.    The federal common law of trusts, which is applicable to ERISA Plan Administrators, further requires that fiduciaries deal honestly with plan members and their assignees, and adhere to certain specific fiduciary standards in their dealings. As such, the Defendants are also ERISA fiduciaries for the Plans at issue in this action, and owe their plan members (including Plaintiffs, as assignees of the plan members) the fiduciary duties of care and loyalty, and they must apply their plan provisions in good faith.

COMPLAINT

34.    The Defendants are obligated under ERISA to make their coverage determinations in a manner consistent with the disclosures contained in the SPD. To the extent there is a disparity or conflict between the SPD and the EOC, the SPD governs, so long as the participant, beneficiary and/or plan member benefits from the application of the SPD.  If the employer of a participant, beneficiary and/or plan member, rather than one or more of the Defendants, is deemed to be the Plan Administrator, each of the other Defendants remain responsible for ensuring that the SPDs and their administration complied with the law under their duties as a co-fiduciary as provided 29 U.S.C. § 1105.

35.    As Plan Administrators and fiduciaries under ERISA, the Defendants adjudicated and made final decisions for self-insured employer group health plan members. The Defendants owe Plaintiffs a duty of care to carry out these activities with the care, skill, prudence and diligence that a prudent Plan Administrator and/or fiduciary would use in the conduct of an enterprise of like character, acting in accordance with the documents and instruments governing the Plans. The Defendants violated their duties of care in carrying out their duties as alleged in this action. Moreover, Plaintiffs are informed and believe, and thereon allege, the Defendants engaged in self-dealing and structured financial arrangements that benefited the Plan Administrators and/or fiduciaries at the expense of their participants, beneficiaries and/or plan members.

36.    The Defendants have breached, and continue to breach, their obligations to their members, and to Plaintiffs, and in so doing have violated ERISA. Under ERISA, the Defendants are required, among other things, to:

36.1    comply with the terms and conditions of the Plans;

36.2    make full and complete disclosures to plan members and their assignees, such as accurately setting terms of the Plans, and to disclose all facts

COMPLAINT

-12-

the omission of which would be reasonably calculated to deceive persons of ordinary prudence and comprehension;

     36.3   properly pay and reimburse Plaintiffs for their dialysis services as required under the EOCs, SPDs and ERISA;

     36.4   explain the specific reasons to plan members and their assignees why a claim is denied and the internal rules and evidence that underlie such determinations;

     36.5   disclose the basis to plan members and their assignees for their interpretation of the terms of the Plans;

     36.6   provide appropriate data and documentation to plan members and their assignees concerning their coverage decisions; and

     36.7   afford plan members and their assignees an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements.

37.    Plaintiffs are informed and believe, and thereon allege, that the Defendants breached their duties and obligations under ERISA, including their fiduciary duties, by failing to:

     37.1   comply with the terms and conditions of the Plans;

     37.2   make full and complete disclosures to plan members and their assignees, such as accurately setting terms of the Plans, and to disclose all facts the omission of which would be reasonably calculated to deceive persons of ordinary prudence and comprehension;

     37.3   properly pay and reimburse Plaintiffs for their dialysis services as required under the EOCs, SPDs and ERISA;

     37.4   explain the specific reasons to plan members and their assignees why a claim is denied and the internal rules and evidence that underlie such determinations;

**COMPLAINT**

37.5   disclose the basis to plan members and their assignees for their interpretation of the terms of the Plans;

37.6   provide appropriate data and documentation to plan members and their assignees concerning their coverage decisions; and

37.7   afford plan members and their assignees an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements.

38.   Commencing on a date that will be determined according to proof, and continuing through September 30, 2007, Plaintiffs have provided hemodialysis treatments and related ancillary services pursuant to assignments of benefits executed in favor of the Plaintiffs by patients who are participants, beneficiaries and/or plan members of the Plans, which were created, sponsored, operated and/or administered by the Defendants.  The Defendants were charged with, and accepted, financial responsibility to properly pay and reimburse Plaintiffs for the claims for services provided by Plaintiffs pursuant to the EOCS, SPDs, and ERISA, within 45 working days after the Defendants' receipt of each claim.

39.   Plaintiffs have performed all of the conditions, covenants and promises required to be performed by them, including the exhaustion of all administrative remedies, if any apply at all, with the exception of those requirements, conditions, covenants, promises and administrative remedies which have been excused, waived or prevented from being performed by the Defendants' own conduct.

40.   While the Defendants have collected payments under the Plans on behalf of their participants and/or beneficiaries, the Defendants have failed to properly pay Plaintiffs the benefits owed for dialysis services provided by Plaintiffs to the Defendants' insured participants, beneficiaries and/or plan members as required under 29 U.S.C. § 1132(a)(1)(B) of ERISA.

COMPLAINT

-14-

41.   As a remedy, 29 U.S.C. § 1132(a) provides, in pertinent part:

> "A civil action may be brought - - (1) by a participant or beneficiary ..... (B) to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the Plan,... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or ii) to enforce any provisions of this subchapter or the terms of the plan.."

42.   The Defendants failed and refused to timely pay Plaintiffs for their services rendered pursuant to the Plans. Plaintiffs have demanded payment of the amounts owing by the Defendants, but they have not paid these amounts. There now exists a past due balance in the approximate amount of $20,000,000.00, as the amount of unpaid benefits due and owing by the Defendants in material breach of their obligations for services rendered under the Plans through September 30, 2007. Plaintiffs will prove the total amount of benefits owed at trial.

43.   The Defendants have wrongfully denied their liability to pay Plaintiffs for the claims for dialysis services provided by Plaintiffs to the Defendants' insured participants, beneficiaries and/or plan members. The Defendants do not intend to recognize Plaintiffs' entitlement to be properly paid under the Plans. Unless ordered by this Court, the Defendants will continue to refuse to provide Plaintiffs with proper payments as required under 29 U.S.C. § 1132(a)(1)(B) of ERISA and the provisions of the Plans.

COMPLAINT

44.     Plaintiffs have incurred, and continue to incur, significant attorneys' fees and costs in attempting to obtain payment for the claims for dialysis services provided by Plaintiffs to the Defendants' insured participants, beneficiaries and/or plan members, which are benefits under the Plans, and in bringing this action.  The Defendants have had ample opportunity to settle this matter without resorting to litigation, but have refused to do so.  Plaintiffs are entitled to recover their reasonable attorneys' fees and costs in prosecuting this action, pursuant to 29 U.S.C. § 1132(g)(1).

## Second Claim For Relief

### (Breach of Written Contract)

### (Against the United Defendants)

45.     Plaintiffs allege and incorporate herein by this reference, the allegations contained in paragraphs 1 through 44 above, as though set forth in full herein.

46.     This second claim for relief is pleaded as an alternative to the first claim for relief, and addresses claims for damages based on transactions, occurrences and contracts which are not governed by ERISA and the first claim for relief.  During all times relevant to the facts alleged in this complaint, up until September 30, 2007, one or more of the Plaintiffs, and/or their predecessors-in-interest, on the one hand, and one or more of the United Defendants, and/or their predecessors-in-interest, on the other hand, entered into and were parties to numerous written agreements, as amended from time to time, for the provision of, and payment for, health services, including, but not limited to, life sustaining dialysis treatments and related ancillary services, provided to the United Defendants' participants, beneficiaries and/or plan members (hereinafter collectively referred to as the "Contracts").  Generally, each of the Contracts covers a specific geographic region for a specific length of time and a specific list of dialysis services.

COMPLAINT

47.     Pursuant to the Contracts, Plaintiffs agreed to provide life-sustaining dialysis treatments and related ancillary services to participants, beneficiaries and/or plan members suffering from End Stage Renal Disease and other kidney ailments requiring dialysis.  In return, the United Defendants agreed to timely pay Plaintiffs the reimbursement rates agreed upon in the Contracts for the life-sustaining dialysis services and related ancillary services that Plaintiffs provided to the United Defendants' participants, beneficiaries and/or plan members. Plaintiffs and the United Defendants engaged in an extended and executed course of conduct based on the provisions set forth in the Contracts

48.     The Contracts constitute and include proprietary and confidential business information of the Plaintiffs and the United Defendants and include mutual confidentiality provisions.  The Contracts at issue in this claim for relief, and their breaches, are voluminous and numerous, but include the following:

48.1    First Count – Breach of PacifiCare Health Plan Administrators, Inc. Preferred Provider Organization Agreement (Ancillary Services) Colorado commencing January 1, 2004, by and between PacifiCare Health Plan Administrators, Inc., an Indiana Corporation and DaVita, Inc.;

48.2    Second Count – Breach of United HealthCare of Illinois, Inc. Ancillary Provider Participation Agreement effective December 1, 1997;

48.3    Third Count – Breach of GenCare Health Systems, Inc. Facility Agreement dated November 1, 1994 by and between GenCare Health Systems, Inc. and Healthcare Corporation, as amended from time to time and as further amended by that certain Amendment effective March 6, 1995 by and between GenCare Health Systems, Inc. and Renal Treatment Centers - Missouri, Inc. and Renal Treatment Centers - Illinois, Inc., formerly known as HealthCare Corporation;

48.4   <u>Fourth Count</u> – Breach of United HealthCare of Colorado, Inc. Provider Participation Agreement by and between United HealthCare of Colorado, Inc. and DaVita, effective April 1, 2001;

48.5   <u>Fifth Count</u> – Breach of Memorandum of Understanding dated March 1, 2002 by and between PacifiCare of Arizona, Inc., an Arizona corporation and Gambro Healthcare, as amended by that certain July 1, 2002 Amendment to the MOU Between PacifiCare of Arizona, Inc., and Gambro Healthcare;

48.6   <u>Sixth Count</u> – Breach of Memorandum of Understanding by and between PacifiCare of California, a California corporation, and Gambro Healthcare, Inc., its Affiliates and Subsidiaries, a California corporation, as amended by that certain Addendum dated on or about May 10, 2005;

48.7   <u>Seventh Count</u> – Breach of Ancillary Provider Participation Agreement dated June 1, 1999 between United HealthCare of the Midwest, Inc., and Gambro Healthcare, as amended from time to time;

48.8   <u>Eighth Count</u> – Breach of United Healthcare of Ohio, Inc. Ancillary Provider Participation Agreement effective December 1, 1999 between United HealthCare of Ohio, Inc. and Gambro Healthcare of Mid Ohio LLC, Gambro Healthcare Ohio Valley Holdings, LLC, Gambro Healthcare Southwest Ohio LLC, Gambro Healthcare, Inc., Gambro Healthcare of Eastern Ohio, LLC and Gambro Healthcare Renal Care Inc., as amended from time to time;

48.9   <u>Ninth Count</u> – Breach of United Healthcare of Texas Inc. Ancillary Provider Participation Agreement dated October 1, 2000 between United HealthCare of Texas, Inc., United HealthCare Insurance Company, United HealthCare Services, Inc., and UnitedHealth Network, Inc. and Gambro Healthcare, Inc. and Gambro Healthcare Renal Care, Inc., as amended from time to time;

48.10   <u>Tenth Count</u> – Breach of United HealthCare of Tennessee, Inc. Ancillary Provider Participation Agreement effective May 22, 2001 between United

HealthCare of Tennessee, Inc. and Gambro Healthcare, Inc., as amended from time to time;

      48.11 <u>Eleventh Count</u> – Breach of United Healthcare Insurance Company Ancillary Provider Participation Agreement effective November 1, 2002 between UnitedHealthCare Insurance Company and Gambro Healthcare, Inc., as amended from time to time;

      48.12 <u>Twelfth Count</u> – Breaches of:  Oxford Health Plans (NJ), Inc., Oxford Health Insurance, Inc. Ancillary Provider Agreement effective July 1, 2004 as amended from time to time; Oxford Health Plans (CT), Inc., Oxford Health Insurance, Inc. Ancillary Provider Agreement effective July 1, 2004 as amended from time to time; and Oxford Health Plans (PA), Inc. Ancillary Provider Agreement effective July 29, 1997 by and between VIVRA Renal Care and Oxford Health Plans (PA), Inc., as amended from time to time;

      48.13 <u>Thirteenth Count</u> – Breach of Ancillary Provider Participation Agreement effective on or about September 1, 2004, by and between United HealthCare Insurance Company, as amended from time to time;

      48.14 <u>Fourteenth Count</u> – Breach of Ancillary Provider Participation Agreement effective on or about May 1, 2004 entered into by and between United HealthCare Insurance Company, contracting on behalf of itself, UnitedHealthcare of Florida, Inc., and the other entities that are United's Affiliates and Gambro Healthcare, Inc. for itself and its subsidiaries and affiliates;

      48.15 <u>Fifteenth Count</u> – Breach of UnitedHealthcare of North Carolina, Inc. Ancillary Provider Participation Agreement effective July 1, 2003 between UnitedHealthcare of North Carolina, Inc. and Gambro Healthcare, Inc., as amended from time to time;

      48.16 <u>Sixteenth Count</u> – Breach of Participating Ancillary Care Provider Agreement dated March 1, 1999 by and between Managed Healthcare Systems of

COMPLAINT

between Physicians Health Plan of Maryland, Inc. and Renal Treatment Centers, Inc., as amended from time to time;

48.23 <u>Twenty-Third Count</u> – Breach of PacifiCare Ancillary Services Agreement effective August 1, 2005 by and between PacifiCare of Arizona, Inc., an Arizona Corporation and DaVita, a California Corporation, as amended from time to time;

48.24 <u>Twenty-Fourth Count</u> – Breach of PacifiCare Ancillary Services Agreement effective February 1, 2002 by and between PacifiCare of California, a California corporation and Total Renal Care, Inc., a California Corporation, as amended from time to time;

48.25 <u>Twenty-Fifth Count</u> – Breaches of:  Provider Participation Agreement between United HealthCare of Florida, Inc. and Total Renal Care, Inc. effective December 1, 1997, as amended from time to time; and Letter agreement for the provision of health services between Total Renal Laboratories, Inc. and United HealthCare of Florida, Inc., effective on or about March 14, 2001, as amended from time to time;

48.26 <u>Twenty-Sixth Count</u> – Breach of United Healthcare of Georgia UnitedHealth Networks, Inc. Ancillary Provider Participation Agreement effective May 1, 2003 by and between UnitedHealthcare of Georgia, UnitedHealth Networks, Inc. and DaVita, Inc., as amended from time to time;

48.27 <u>Twenty-Seventh Count</u> – Breach of PacifiCare of Texas Ancillary Services Agreement effective as of June 1, 2003 by and between PacifiCare of Texas, Inc. and DaVita, Inc., as amended from time to time;

48.28 <u>Twenty-Eighth Count</u> – Breach of Arizona Physicians IPA, Inc. Participating Health Professional Agreement effective June 1, 1995 by and between Arizona Physicians IPA, Inc. and Total Renal Care, Inc., as amended from time to time;

COMPLAINT

1    48.29 <u>Twenty-Ninth Count</u> – Breach of Agreement effective on or about

2  July 1, 1992 by and between Oxford Health Plans, Inc., and Life Care Dialysis Center,

3  as amended from time to time;

4    48.30 <u>Thirtieth Count</u> – Breach of UnitedHealthcare of North Carolina,

5  Inc. Ancillary Provider Participation Agreement effective February 1, 2001 between

6  UnitedHealthcare of North Carolina, Inc. and Total Renal Care, Inc.;

7    48.31 <u>Thirty-First Count</u> – Breaches of:  UnitedHealthcare Provider

8  Agreement Ancillary--Hudson Valley Dialysis effective September 1, 2002, as

9  amended from time to time; UnitedHealthcare Provider Agreement Ancillary--IHS of

10  New York, Inc. effective September 1, 2002, as amended from time to time;

11  UnitedHealthcare Provider Agreement Ancillary--Lifecare Dialysis effective

12  September 1, 2002, as amended from time to time; UnitedHealthcare Provider

13  Agreement Ancillary--Port Chester Dialysis & Renal Center, Inc. effective September

14  1, 2002, as amended from time to time; UnitedHealthcare Provider Agreement

15  Ancillary--South Brooklyn Nephrology Center effective September 1, 2002, as

16  amended from time to time;

17    48.32 <u>Thirty-Second Count</u> – Breach of Oxford Health Plans (NY), Inc.,

18  Oxford Health Insurance, Inc. Ancillary Provider Agreement effective on or about

19  May 1, 2005, by and between Port Chester Renal and Dialysis Center, Inc. and Oxford

20  Health Plans (NY), Inc. and Oxford Health Insurance, Inc., as amended from time to

21  time; Oxford Health Plans (NY), Inc.,  Oxford Health Insurance, Inc. Ancillary

22  Provider Agreement effective on or about May 1, 2005, by and between White Plains

23  Dialysis Center and Oxford Health Plans (NY), Inc. and Oxford Health Insurance,

24  Inc., as amended from time to time;

25    48.33 <u>Thirty-Third Count</u> – Breach of Ancillary Provider Participation

26  Agreement Between United HealthCare of Florida, Inc. and West Florida Medical

27  Center Clinic, P.A., effective as of June 1, 1998 as amended from time to time;

28

**COMPLAINT**

1          48.34 <u>Thirty-Fourth Count</u> – Breach of Health Plan of Nevada, Inc.

2 Medicare Advantage Chronic Disease Special Needs Plan Facilities Services

3 Agreement effective January 1, 2007 by and between DaVita, Inc. and Health Plan of

4 Nevada, Inc.;

5          48.35 <u>Thirty-Fifth Count</u> – Breach of Ancillary Service Provider

6 Participation Agreement between DaVita, Inc., and Unison Administrative Services,

7 LLC, effective on or about August 15, 2008, as amended from time to time;

8          48.36 <u>Thirty-Sixth Count</u> – Breach of PacifiCare Ancillary Services

9 Agreement effective on or about April 1, 2001 by and between PacifiCare of Nevada,

10 Inc. and DaVita, Inc., as amended from time to time;

11          48.37 <u>Thirty-Seventh Count</u> – Breach of Independent Provider

12 Agreement by and between California Physician's Service, Inc. dba Blue Shield of

13 California and DaVita, Inc. effective on or about April 4, 2005, as amended from time

14 to time;

15          48.38 <u>Thirty-Eighth Count</u> – Breach of Oxford Health Plans (NY), Inc.

16 Ancillary Provider Agreement effective October 4, 1999 by and between HIS of New

17 York and Oxford Health Plans (NY), Inc., as amended from time to time;

18          48.39 <u>Thirty-Ninth Count</u> – Breach of PacifiCare Ancillary Services

19 Agreement effective as of January 1, 2003 by and between PacifiCare of Oklahoma,

20 Inc. and DaVita, Inc., as amended from time to time;

21          48.40 <u>Fortieth Count</u> – Breach of Letter Agreement effective January 1,

22 2004 between Health Plan of Nevada, Inc. and Sparks Dialysis Center;

23          48.41 <u>Forty-First Count</u> – Breach of Letter Agreement dated January 1,

24 2004 between Northern Nevada Health Network and Sparks Dialysis Center;

25          48.42 <u>Forty-Second Count</u> – Breach of Letter Agreement dated January

26 1, 2004 between Northern Nevada Health Network and Sierra Rose Dialysis Center;

27

28

COMPLAINT

1            48.43 <u>Forty-Third Count</u> – Breach of Letter Agreement dated January 1,

2    2004 between Health Plan of Nevada and Sierra Rose Dialysis Center;

3            48.44 <u>Forty-Fourth Count</u> – Breach of Letter Agreement dated January 1,

4    2004 between Health Plan of Nevada and Pahrump Dialysis Center;

5            48.45 <u>Forty-Fifth Count</u> – Breach of Letter Agreement dated January 1,

6    2004 between Sierra Health and Life and Pahrump Dialysis Center; and

7            48.46 <u>Forty-Sixth Count</u> – Breach of Letter Agreement dated January 1,

8    2004 between Sierra Healthcare Options and Life and Pahrump Dialysis Center.

9            Out of deference to these facts and Plaintiffs' and the United Defendants'

10   confidentiality agreements, the Contracts are not being described any further in this

11   complaint, and are not being attached to this complaint as Exhibits. However, the

12   United Defendants are parties to the Contracts, have possession, custody and control

13   of the Contracts, are well aware of which Contracts are at issue in this claim for relief,

14   and of their terms and conditions, which are incorporated herein by this reference.

15   Plaintiffs will request leave of the Court to lodge copies of the Contracts with the

16   Court under seal pursuant to a Court Order for which the Plaintiffs will seek the

17   stipulation of the Defendants.

18        49.   A material term of each of the Contracts was that the United Defendants

19   who were parties to each of the Contracts would accept financial responsibility for the

20   claims for dialysis services provided by Plaintiffs and would properly administer and

21   pay those claims in full within a specific period of time.

22        50.   Plaintiffs have performed all of the conditions, covenants and promises

23   required to be performed by them under the Contracts, with the exception of those

24   conditions, covenants and promises which have been excused, waived or prevented

25   from being performed by the United Defendants' own conduct.

26        51.   Commencing on a date that will be determined according to proof, and

27   continuing to the present, the United Defendants have failed and refused to timely pay

28

**COMPLAINT**

Plaintiffs for their services rendered pursuant to the Contracts.   There now exists a past due balance in the approximate amount of $2.3 Million in material breach of the Contracts.  In addition, the United Defendants are liable to Plaintiffs for pre-judgment interest beginning with the first calendar day after the contractual due dates for the payment in full for each underlying claim, at the maximum legal rate.

52.   As a proximate result of the United Defendants' breach of the Contracts as alleged above, Plaintiffs have suffered general and special damages, in the approximate amount of $2.3 Million, plus interest thereon at the maximum legal rate, to be determined according to proof.

<u>**Third Claim For Relief**</u>

**(Money Had and Received)**

**(Against the United Defendants)**

53.   Plaintiffs allege and incorporate herein by this reference, the allegations contained in paragraphs 1 through 44 above, as though set forth in full herein.

54.   This third claim for relief is pleaded as an alternative to the first and second claims for relief, and addresses claims for damages based on transactions, occurrences and contracts which are not governed by ERISA.  During all times relevant to the facts alleged in this complaint, up until September 30, 2007, one or more of the United Defendants have become indebted to one or more of the Plaintiffs in the approximate amount of at least $2.3 Million, plus additional amounts accrued but unpaid up to the time of trial, for money had and received by the United Defendants for the use and benefit of the Plaintiffs.

55.   The Plaintiffs have repeatedly demanded payment from the United Defendants, who have refused to pay this amount or any part thereof, and there is now owing the approximate amount of $2.3 Million, plus interest thereon at the maximum legal rate, to be determined according to proof at trial.

COMPLAINT

### Fourth Claim For Relief

### (Services Rendered)

### (Against the United Defendants)

56.    Plaintiffs allege and incorporate herein by this reference, the allegations contained in paragraphs 1 through 44 above, as though set forth in full herein.

57.    This fourth claim for relief is pleaded as an alternative to the first and second claims for relief, and addresses claims for damages based on transactions, occurrences and contracts which are not governed by ERISA.  During all times relevant to the facts alleged in this complaint, up until September 30, 2007, one or more of the United Defendants have become indebted to one or more of the Plaintiffs in the approximate amount of at least $2.3 Million, plus interest thereon at the maximum legal rate, to be determined according to proof at trial, for service rendered upon the special request of the United Defendants, who agreed to pay the Plaintiffs at their agreed rates.

58.    The United Defendants knew that the services were being provided by the Plaintiffs, and their services were accepted by the United Defendants, who promised to pay the Plaintiffs at their agreed rates, but have failed to do so.

### Fifth Claim For Relief

### (Quantum Meruit)

### (Against the United Defendants)

59.    Plaintiffs allege and incorporate herein by this reference, the allegations contained in paragraphs 1 through 44 above, as though set forth in full herein.

60.    This fifth claim for relief is pleaded as an alternative to the first and second claims for relief, and addresses claims for damages based on transactions, occurrences and contracts which are not governed by ERISA.  During all times relevant to the facts alleged in this complaint, up until September 30, 2007, one or more of the United Defendants have become indebted to one or more of the Plaintiffs

**COMPLAINT**

in the approximate amount of at least $2.3 Million, plus interest thereon at the maximum legal rate, to be determined according to proof at trial, for services rendered at the special request of the United Defendants, who agreed to pay and owe the Plaintiffs the fair and reasonable value of these services.

61.     The United Defendants knew that the services were being provided by the Plaintiffs, and the services were accepted by the United Defendants, who agreed to pay and owe the Plaintiffs for the fair and reasonable value of these services, but which has not been.

### Sixth Claim For Relief

### (Open Book Account)

### (Against the United Defendants)

62.     Plaintiffs allege and incorporate herein by this reference, the allegations contained in paragraphs 1 through 44 above, as though set forth in full herein.

63.     This sixth claim for relief is pleaded as an alternative to the first and second claims for relief, and addresses claims for damages based on transactions, occurrences and contracts which are not governed by ERISA.  During all times relevant to the facts alleged in this complaint, up until September 30, 2007, one or more of the United Defendants have become indebted to one or more of the Plaintiffs in the approximate amount of at least $2.3 Million, plus interest thereon at the maximum legal rate, to be determined according to proof at trial, on an open book account.

64.     Plaintiffs have demanded payment of the amount owing by the United Defendants, but they have not paid this amount, or any part of the balance due, and the whole amount is due and payable from the United Defendants to Plaintiffs.

COMPLAINT

## Seventh Claim For Relief

### (Account Stated)

### (Against the United Defendants)

65.     Plaintiffs allege and incorporate herein by this reference, the allegations contained in paragraphs 1 through 44 above, as though set forth in full herein.

66.     This seventh claim for relief is pleaded as an alternative to the first and second claims for relief, and addresses claims for damages based on transactions, occurrences and contracts which are not governed by ERISA.  During all times relevant to the facts alleged in this complaint, up until September 30, 2007, one or more of the United Defendants have become indebted to one or more of the Plaintiffs in the approximate amount of at least $2.3 Million, plus interest thereon at the maximum legal rate, to be determined according to proof at trial, on a past due account balance stated in writing and rendered by the Plaintiffs to the United Defendants, to which the United Defendants have not objected.

67.     Plaintiffs have demanded payment of the amount owing under the account stated by Plaintiffs to the United Defendants, but the United Defendants have not paid this amount, or any part of the balance due, and the whole amount is due and payable from the United Defendants to the Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment as follows:

### On The First Claim For Relief

1.     A judgment ordering the Defendants to pay Plaintiffs the full amount of the benefits due under the Plans, in the approximate amount of $20,000,000.00, according to proof;

2.     Costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g), and all other applicable provisions of law;

COMPLAINT

**On The Second Claim for Relief**

3.    General and special damages, in the approximate amount of $2.3 Million, according to proof;

**On The Third Claim for Relief**

4.    Compensatory damages in the approximate amount of at least $2.3 Million, plus additional amounts accrued but unpaid up to the time of trial, plus interest thereon at the maximum legal rate;

**On The Fourth Claim for Relief**

5.    Compensatory damages in the approximate amount of at least $2.3 Million, plus additional amounts accrued but unpaid up to the time of trial, plus interest thereon at the maximum legal rate;

**On The Fifth Claim for Relief**

6.    Compensatory damages in the approximate amount of at least $2.3 Million, plus additional amounts accrued but unpaid up to the time of trial, plus interest thereon at the maximum legal rate;

**On The Sixth Claim for Relief**

7.    Compensatory damages in the approximate amount of at least $2.3 Million, plus additional amounts accrued but unpaid up to the time of trial, plus interest thereon at the maximum legal rate;

**On The Seventh Claim for Relief**

8.    Compensatory damages in the approximate amount of at least $2.3 Million, plus additional amounts accrued but unpaid up to the time of trial, plus interest thereon at the maximum legal rate;

**On All Claims For Relief**

9.    Pre-judgment interest at the maximum legal rate, according to proof;

10.   Attorneys fees where allowed by contract, statute or other provisions of law;

**COMPLAINT**

11.   Costs of suit incurred herein;

12.   Necessary and appropriate equitable relief; and

13.   Such other and further relief as the Court may deem just and proper.

Dated:  May 4, 2009

Respectfully Submitted,

WINSTEN LAW GROUP

By: _____

Michael S. Winsten
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all claims for which there is a right to jury trial.

Dated:  May 4, 2009

Respectfully Submitted,

WINSTEN LAW GROUP

By: _____

Michael S. Winsten
Attorneys for Plaintiffs

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV09- 523 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

MICHAEL S. WINSTEN (SBN 126554)
WINSTEN LAW GROUP
27201 Puerta Real, Suite 465
Mission Viejo, California 92691
Tel: (949) 429-3400
Fax: (949) 429-3500

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVITA INC., a Delaware corporation; [CONTINUED ON ATTACHMENT] <br><br> PLAINTIFF(S) <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation [CONTINUED ON ATTACHMENT] <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV09 -523 JVS (RNBx)** <br><br><br><br> **SUMMONS** |

TO:    DEFENDANT(S):  <u>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation;</u>

[Continued on Attachment]

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Michael S. Winsten</u>_____, whose address is <u>WINSTEN LAW GROUP 27201 Puerta Real, Ste 465, Mission Viejo, CA 92691</u>_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

MAY − 4 2009

DODJIE GARGANTOS SEAL

Dated: _____     By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         **SUMMONS**

COPY

## ATTACHMENT TO SUMMONS

PLAINTIFFS CONTINUED:

DVA RENAL HEALTCARE, a New York corporation; TOTAL RENAL CARE, INC., a California corporation

DEFENDANTS CONTINUED:

UNITED HEALTHCARE, INC., a Delaware corporation; UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; UNITEDHEALTH NETWORK, INC., a corporation; UNITEDHEALTHCARE OF COLORADO, INC., a Colorado corporation; UNITED HEALTHCARE OF FLORIDA, INC., a Florida corporation; UNITEDHEALTHCARE OF GEORGIA, INC., a Georgia corporation; UNITED HEALTHCARE INSURANCE COMPANY OF ILLINOIS, INC., an Illinois corporation; UNITEDHEALTHCARE OF ILLINOIS, INC., an Illinois corporation; UNITEDHEALTHCARE OF THE MID-ATLANTIC, INC., a Maryland corporation; UNITED HEALTHCARE OF THE MIDWEST, INC., a Missouri corporation; UNITEDHEALTHCARE OF NEW ENGLAND, INC., a Rhode Island corporation; UNITEDHEALTHCARE OF NEW JERSEY, INC., a New Jersey corporation; UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, INC., a New York corporation; UNITEDHEALTHCARE OF NEW YORK, INC., a New York corporation; UNITEDHEALTHCARE OF NORTH CAROLINA, INC., a North Carolina corporation; UNITED HEALTHCARE INSURANCE COMPANY OF OHIO, INC., an Ohio corporation; UNITEDHEALTHCARE OF OHIO, INC., an Ohio corporation; UNITED HEALTHCARE OF TENNESSEE, INC., a Tennessee corporation; UNITED HEALTHCARE OF TEXAS, INC., a Texas corporation; AMERICHOICE OF NEW JERSEY, INC., a New Jersey corporation; ARIZONA PHYSICIANS IPA, INC., an Arizona corporation; HEALTHCARE MANAGEMENT ALTERNATIVES, INC., a Pennsylvania corporation; HEALTH PLAN OF NEVADA, INC., a Nevada corporation; MANAGED HEALTHCARE SYSTEMS OF NEW JERSEY, INC. d/b/a MHSNJ HEALTH PLAN, a New Jersey corporation; NORTHERN NEVADA HEALTH NETWORK, INC., a Nevada corporation; PACIFICARE HEALTH PLAN ADMINISTRATORS, INC., an Indiana corporation; PACIFICARE OF ARIZONA, INC., an Arizona Corporation; PACIFICARE OF CALIFORNIA, a California corporation; PACIFICARE OF COLORADO, INC., a Colorado corporation; PACIFICARE OF NEVADA, INC., a Nevada corporation; PACIFICARE OF OKLAHOMA, INC., an Oklahoma

corporation; PACIFICARE OF OREGON, INC., an Oregon corporation;
PACIFICARE OF TEXAS, INC., a Texas corporation; PACIFICARE OF
WASHINGTON, INC., a Washington corporation; PACIFICARE LIFE
ASSURANCE COMPANY, a Colorado corporation; HEALTH MAINTENANCE
LIFE, INC., a corporation, PACIFICARE LIFE AND HEALTH INSURANCE
COMPANY, an Indiana corporation; PHYSICIANS HEALTH PLAN OF
MARYLAND, INC., a Maryland corporation; OXFORD HEALTH PLANS (NJ),
INC., a New Jersey corporation; OXFORD HEALTH PLANS (CT), INC.,
OXFORD HEALTH PLANS (PA), INC., OXFORD HEALTH INSURANCE,
INC., a New York corporation; OXFORD HEALTH PLANS, LLC, a Delaware
limited liability company; RENAL TREATMENT CENTERS - MISSOURI, INC.,
a corporation; RENAL TREATMENT CENTERS - ILLINOIS, INC. a
corporation; SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC., a
California corporation; SIERRA HEALTH-CARE OPTIONS, INC., a Nevada
corporation; SIERRA HEALTH SERVICES, INC., a Nevada corporation;
UNISON ADMINISTRATIVE SERVICES, LLC, a Pennsylvania limited liability
company; UNISON HEALTH PLAN OF OHIO, INC., a Delaware corporation;
UNISON FAMILY HEALTH PLAN OF PENNSYLVANIA, INC., a
Pennsylvania corporation; UNISON HEALTH PLAN OF PENNSYLVANIA,
INC., a Pennsylvania corporation; UNISON HEALTH PLAN OF SOUTH
CAROLINA, INC., a South Carolina corporation; Unison Health Plan of
Delaware, Inc., a Delaware corporation; and UNISON HEALTH PLAN OF THE
CAPITAL AREA, INC.; a District of Columbia corporation; and DOES 1 through
10, inclusive

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DAVITA INC., a Delaware corporation; DVA RENAL HEALTHCARE, a New York corporation; TOTAL RENAL CARE, INC., a California corporation | UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation; UNITED HEALTHCARE, INC., a Delaware corporation; [CONTINUED ON ATTACHED SHEET[ |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| MICHAEL S. WINSTEN (SBN 126554)/WINSTEN LAW GROUP<br>27201 Puerta Real, Suite 465, Mission Viejo, CA 92691<br>Tel: (949) 429-3400; Fax: (949) 429-3500; E-mail: mike@winsten.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**    **JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** 22,300,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of ERISA-29 U.S.C. Sec. 1132(a)(1)(B)-Claims for Health Insurance Benefits

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV09 -523 JVS (RNBx)

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *Michael V Winston*   Date May 4, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation;
UNITEDHEALTH NETWORK, INC., a corporation; UNITEDHEALTHCARE
OF COLORADO, INC., a Colorado corporation; UNITED HEALTHCARE OF
FLORIDA, INC., a Florida corporation; UNITEDHEALTHCARE OF GEORGIA,
INC., a Georgia corporation; UNITED HEALTHCARE INSURANCE
COMPANY OF ILLINOIS, INC., an Illinois corporation;
UNITEDHEALTHCARE OF ILLINOIS, INC., an Illinois corporation;
UNITEDHEALTHCARE OF THE MID-ATLANTIC, INC., a Maryland
corporation; UNITED HEALTHCARE OF THE MIDWEST, INC., a Missouri
corporation; UNITEDHEALTHCARE OF NEW ENGLAND, INC., a Rhode
Island corporation; UNITEDHEALTHCARE OF NEW JERSEY, INC., a New
Jersey corporation; UNITED HEALTHCARE INSURANCE COMPANY OF
NEW YORK, INC., a New York corporation; UNITEDHEALTHCARE OF NEW
YORK, INC., a New York corporation; UNITEDHEALTHCARE OF NORTH
CAROLINA, INC., a North Carolina corporation; UNITED HEALTHCARE
INSURANCE COMPANY OF OHIO, INC., an Ohio corporation;
UNITEDHEALTHCARE OF OHIO, INC., an Ohio corporation; UNITED
HEALTHCARE OF TENNESSEE, INC., a Tennessee corporation; UNITED
HEALTHCARE OF TEXAS, INC., a Texas corporation; AMERICHOICE OF
NEW JERSEY, INC., a New Jersey corporation; ARIZONA PHYSICIANS IPA,
INC., an Arizona corporation; HEALTHCARE MANAGEMENT
ALTERNATIVES, INC., a Pennsylvania corporation; HEALTH PLAN OF
NEVADA, INC., a Nevada corporation; MANAGED HEALTHCARE SYSTEMS
OF NEW JERSEY, INC. d/b/a MHSNJ HEALTH PLAN, a New Jersey
corporation; NORTHERN NEVADA HEALTH NETWORK, INC., a Nevada
corporation; PACIFICARE HEALTH PLAN ADMINISTRATORS, INC., an
Indiana corporation; PACIFICARE OF ARIZONA, INC., an Arizona Corporation;
PACIFICARE OF CALIFORNIA, a California corporation; PACIFICARE OF
COLORADO, INC., a Colorado corporation; PACIFICARE OF NEVADA, INC.,
a Nevada corporation; PACIFICARE OF OKLAHOMA, INC., an Oklahoma
corporation; PACIFICARE OF OREGON, INC., an Oregon corporation ,
PACIFICARE OF TEXAS, INC., a Texas corporation; PACIFICARE OF
WASHINGTON, INC., a Washington corporation; PACIFICARE LIFE
ASSURANCE COMPANY, a Colorado corporation; HEALTH MAINTENANCE
LIFE, INC., a corporation,  PACIFICARE LIFE AND HEALTH INSURANCE
COMPANY, an Indiana corporation; PHYSICIANS HEALTH PLAN OF
MARYLAND, INC., a Maryland corporation; OXFORD HEALTH PLANS (NJ),
INC., a New Jersey corporation; OXFORD HEALTH PLANS (CT), INC.,
OXFORD HEALTH PLANS (PA), INC., OXFORD HEALTH INSURANCE,
INC., a New York corporation; OXFORD HEALTH PLANS, LLC, a Delaware

limited liability company; RENAL TREATMENT CENTERS - MISSOURI, INC., a corporation; RENAL TREATMENT CENTERS - ILLINOIS, INC. a corporation; SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC., a California corporation; SIERRA HEALTH-CARE OPTIONS, INC., a Nevada corporation; SIERRA HEALTH SERVICES, INC., a Nevada corporation; UNISON ADMINISTRATIVE SERVICES, LLC, a Pennsylvania limited liability company; UNISON HEALTH PLAN OF OHIO, INC., a Delaware corporation; UNISON FAMILY HEALTH PLAN OF PENNSYLVANIA, INC., a Pennsylvania corporation; UNISON HEALTH PLAN OF PENNSYLVANIA, INC., a Pennsylvania corporation; UNISON HEALTH PLAN OF SOUTH CAROLINA, INC., a South Carolina corporation; Unison Health Plan of Delaware, Inc., a Delaware corporation; and UNISON HEALTH PLAN OF THE CAPITAL AREA, INC.; a District of Columbia corporation; and DOES 1 through 10, inclusive